# Exhibit "A"

Case 1:25-cv-06654-MKB-JAM   Document 1-1   Filed 12/02/25   Page 2 of 9 PageID #: 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

-------------------------------------------------------------------X

MARIA QUINONES,

Date Filed:

                                    Plaintiff,              SUMMONS

        -against-

                                                           The basis of venue is:
COSTCO WHOLESALE CORPORATION,                              Defendents's Address
                                    Defendant.

-------------------------------------------------------------------X         Long Island City, NY 11106


**TO THE ABOVE NAMED DEFENDANT:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve
a copy of your answer, on the Plaintiff's attorneys within 20 days after the service of this
summons, exclusive of the day of service, where service is made by delivery upon you
personally within the state, or, within 30 days after completion if service where service is made
in any other manner.   In case of your failure to appear or answer, Judgment will be taken against
you by default for the relief demanded in the Complaint.

Dated: New York, New York
            January 23, 2025


                                                    Yours, etc.
                                                    ROTH & ROTH LLP

                                                    By: _____
                                                    Audra Roth
                                                    Attorney for Plaintiff
                                                    MARIA QUINONES
                                                    192 Lexington Avenue, Suite 802
                                                    New York, NY 10016
                                                    (212) 425-1020


DEFENDANT'S ADDRESS:
COSTCO WHOLESALE CORPORATION
3250 VERNON BLVD
LONG ISLAND CITY, NY 11106

Case 1:25-cv-06654-MKB-JAM    Document 1-1    Filed 12/02/25    Page 3 of 9 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X

MARIA QUINONES,

                           Plaintiff,                                    Index No.:

           -against-                                                     <u>VERIFIED COMPLAINT</u>

COSTCO WHOLESALE CORPORATION,
                           Defendant.
----------------------------------------------------------------X

Plaintiff, **MARIA QUINONES**, by her attorneys, R**OTH & ROTH LLP**, as and for her

Verified Complaint, alleges, upon information and belief, as follows:

1.      That at the time of the commencement of this action, Plaintiff, **MARIA**

**QUINONES** resided in the County of Queens, City and State of New York.

2.      That the cause of action alleged herein arose in the County of Queens, City and

State of New York.

3.      That at all times herein mentioned, Defendant, **COSTCO WHOLESALE**

**CORPORATION,** was and still is a foreign corporation, duly licensed and or authorized to do

business in the State of New York.

4.      That at all times herein mentioned, Defendant, **COSTCO WHOLESALE**

**CORPORATION,** was and still is a domestic corporation, duly licensed and or authorized to do

business in the State of New York.

5.      That  at all times herein mentioned, Defendant, **COSTCO WHOLESALE**

**CORPORATION,** was and still is a partnership.

6.      That at all times herein mentioned, Defendant, **COSTCO WHOLESALE**

**CORPORATION,** was and still is a sole proprietorship.

Case 1:25-cv-06654-MKB-JAM    Document 1-1    Filed 12/02/25    Page 4 of 9 PageID #: 7

7.      That on May 18, 2024, and at all times herein mentioned, Defendant, **COSTCO WHOLESALE CORPORATION,** was and still is an unincorporated association.

8.      That on May 18, 2024 and at all times herein mentioned, a premises existed in the County of Queens, City and State of New York with the address of 3250 Vernon Blvd, Long Island City, NY 11106.

9.      That on May 18, 2024 and at all times herein mentioned, the aforesaid premises were owned by defendant, **COSTCO WHOLESALE CORPORATION**.

10.     At all times herein mentioned, defendant, **COSTCO WHOLESALE CORPORATION** was negligent in the ownership of the premises located at 3250 Vernon Blvd, Long Island City, NY 11106.

11.     That on May 18, 2024 and at all times herein mentioned, the aforesaid premises were maintained by defendant, **COSTCO WHOLESALE CORPORATION**.

12.     That on May 18, 2024 and at all times herein mentioned, the aforesaid premises were operated by defendant, **COSTCO WHOLESALE CORPORATION**.

13.     At all times herein mentioned, defendant **COSTCO WHOLESALE CORPORATION** operated a store at the aforesaid premises.

14.     That on May 18, 2024 and at all times herein mentioned, the aforesaid premises were managed by defendant, **COSTCO WHOLESALE CORPORATION**.

15.     That on May 18, 2024 and at all times herein mentioned, the aforesaid premises were supervised by defendant, **COSTCO WHOLESALE CORPORATION**.

16.     That on May 18, 2024 and at all times herein mentioned, the aforesaid premises were controlled by defendant, **COSTCO WHOLESALE CORPORATION**.

Case 1:25-cv-06654-MKB-JAM    Document 1-1    Filed 12/02/25    Page 5 of 9 PageID #: 8

17.     At all times herein mentioned, defendant, **COSTCO WHOLESALE CORPORATION** was negligent in the ownership, operation, inspection, maintenance, supervision and repair of the aforementioned premises.

18.     That on May 18, 2024, and at all times herein mentioned, it was the duty of the defendant, **COSTCO WHOLESALE CORPORATION** to maintain the premises in a reasonably safe condition, free of any and all slipping hazards.

19.     That on May 18, 2024, and at all times herein mentioned, defendant, **COSTCO WHOLESALE CORPORATION** was responsible for the inspection, maintenance and repair of the premises.

20.     That on May 18, 2024, while Plaintiff **MARIA QUINONES** was lawfully walking inside the aforementioned premises when she was caused to slip and fall due to a slippery condition on the floor.

21.     That as a result of the fall Plaintiff was caused to suffer personal injuries.

22.     The above mentioned occurrence and the results thereof were caused by the negligence of the defendant and/or said defendant's servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, control, supervision , inspection and/or cleaning of the aforesaid premises; in failing to properly maintain said premises; in causing, creating and permitted a slippery condition to exist on the floor of the aforesaid premises; in failing to properly mop and/or properly clean the floor; in allowing the floor of the premises to be and remain in a dangerous slippery condition;  in causing, permitting and allowing a trap, hazard and nuisance to be and exist for an excessive and unreasonable period of time, despite actual and constructive notice; in failing to take any necessary steps to alleviate said slippery condition;  in failing to undertake proper and/or adequate cleaning and inspecting procedures; in

INDEX NO. 702543/2025

Case 1:25-cv-06654-MKB-JAM    Document 1-1    Filed 12/02/25    Page 6 of 9 PageID #: 9

RECEIVED NYSCEF: 01/28/2025

failing to erect barricades or warnings around said area; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to put down mats/rugs and/or other floor coverings; in failing to warn the general public and, more particularly, Plaintiff herein, of the subject hazard; in creating permitting and allowing a hazardous slippery condition where a slip and fall would be foreseeable to occur, and in being otherwise negligent, careless and reckless in the premises.

23.     That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

24.     That because of the above, Plaintiff, **MARIA QUINONES** was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

25.     That as a result of the foregoing, Plaintiff, **MARIA QUINONES** was damaged in an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

Case 1:25-cv-06654-MKB-JAM    Document 1-1    Filed 12/02/25    Page 7 of 9 PageID #:
10

WHEREFORE, Plaintiff, demand judgment against the Defendants in an amount

which exceeds the jurisdictional limitations of all lower courts which would otherwise have

jurisdiction over this action alleged herein, together with the interest, costs and disbursements of

this action

Dated: New York, New York
       January 25, 2025

Yours, etc.
ROTH & ROTH LLP

By: _____
Audra Roth
Attorney for Plaintiff
MARIA QUINONES
192 Lexington Avenue, Suite 802
New York, NY 10016
(212) 425-1020

Case 1:25-cv-06654-MKB-JAM    Document 1-1    Filed 12/02/25    Page 8 of 9 PageID #: 11

# ATTORNEY VERIFICATION

I, Audra R. Roth, an attorney duly admitted to practice in the State of New York, make the following affirmation under penalty of perjury under the laws of New York, which may include a fine or imprisonment, that the following is true, and I understand this document may be filed in an action or proceeding in a court of law.

I am a Partner with the firm ROTH & ROTH, LLP, the attorneys of record for the Plaintiff.

I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

This affirmation is made by affirmant and not by Plaintiff because Plaintiff does not reside in the County of New York, which is the County where your affirmant maintains offices.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are communications had with the said plaintiff, information contained in the said Plaintiff's file which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       January 23 , 2025

_____
Audra R. Roth

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
MARIA QUINONES,

                                    Plaintiff,

        -against-

COSTCO WHOLESALE CORPORATION,
                                    Defendant.
-----------------------------------------------------------------X

_____

### SUMMONS AND COMPLAINT
_____

The below signature attests to the following papers: *SUMMONS AND COMPLAINT*


By: _____
          Audra Roth
_____


**ROTH & ROTH, LLP**
**Attorneys for Plaintiff**
**192 Lexington Avenue, Suite 802**
**New York, New York 10016**
**(212) 425-1020**